Good morning, Your Honor. Steve Hubachek and Gary Burcham on behalf of the district. You have five minutes, not one second over. Got it, Your Honor. Thank you. Okay. Your Honors, the issue here today is what does burglary mean in the guidelines. In this case, in this Court's case, Martinez, this Court decided that with respect to the sentencing guidelines, a single federal definition needs to be adopted as to the terms used in there. 4B1.2 is derived from 924E, which is the statute that was actually interpreted in the Taylor case. So when the Sentencing Commission used the term burglary, they meant burglary as defined in Taylor with the refinement that the structure that was entered had to, in fact, be a dwelling as opposed to just any old structure. It doesn't make sense to suggest, as the government has, that when the Taylor definition was adopted or when the burglary term was used, that the Sentencing Commission intended to broaden the Taylor definition by eliminating the unlawful or unprivileged entry requirement when, in fact, it had narrowed the definition by adding the dwelling requirement. So I think that in order to satisfy the burglary prong of 4B1.2, there needs to be an unprivileged or trespassory entry. And that particular requirement comes directly from the Taylor decision itself, which relied on Professor LaFave's definition and the Model Penal Code definition, both of which require that the entry be unprivileged, that the premises not be open to the public. But one problem is that Taylor doesn't actually say that. Model Penal Code does. But Taylor says that you have to enter or remain in. Either the entry or the remaining in has to be unprivileged or unlawful. Now, I know we've never dealt with that additional language, but there repeatedly. I think that the remaining in prong also requires an element of unprivileged. So, for instance, if you were to be lawfully admitted or be given permission to come in, say, to a Nordstrom, and then you remained after closing hours, your remaining would, in fact, be unprivileged. And I think that's what that language gets to. Plus, this Court has, subsequent to Taylor, in both the Teig case and the Parker case, both of those cases have held the fact that there is an unprivileged or unlawful or trespassory entry requirement. The reason that all this is significant is that primarily in this Court's cases affirming sentence enhancements involving burglars, this Court has relied upon the charging documents that sit from their file in California that typically say so-and-so unlawfully entered a particular structure with the intent to commit some crime. The People v. Burks case, which this Court has never addressed, has come down and said that when that type of language is used in a California information, it doesn't, in fact, charge any sort of trespassory entry. So there's no implication in the use of the word unlawfully in a California information that suggests in any way that the entry is unprivileged. And that pretty much takes care of almost every one of the cases that's cited in the government's papers, because they all either rely upon the view that an unauthorized entry is required, as was the case in Becker, particularly as this Court later explained in the Parker case. And then you have the other cases like Williams that do rely upon the charging document, as is the case in O'Neill. Effectively, the 1998 Burks case came along and rendered the analysis in those cases no longer applicable. The only case that has really addressed the issue after Burks was decided is Velasco-Medina. Velasco-Medina, however, does rely upon the same language in the information, but it doesn't in any way address the Burks case or what the words unlawfully enter in a California case actually mean. So I don't think that the Velasco-Medina case is precedent with respect to this. But if the panel were to disagree, then I think that there's a conflict in this Court's cases, because the Tide case specifically holds that this Court is bound by the interpretation of State court analyses of their own statutes. And if you were to follow Velasco-Medina, then by definition you would have to not follow the case, the Tide case's analysis. Do you tell me where exactly in Burks you're relying on? I understand. I mean, the point in Burks was that the trespass wasn't a lesser included offense to burglary. Is that your point? Well, actually, Burks is more broad than that. It holds that it's not a lesser included offense, and that's at page 118. I think it's footnote 8. But it also goes on to abandon the California lesser related case doctrine. I understand. But I was trying to find out how it relates to this. Well, one of their points in the case, and they mention it later on in the opinion, was that in California the prosecution undertakes no duty to prove uncharged, non-included offenses. So the point being that when the word unlawfully was actually contained in the information, that that didn't mean that anyone was required to prove unlawfully in the sense that Taylor uses it or that there would ever be a jury instruction or any sort of finding on that fact. And I'm up to Judge Ferguson's limit, so I'll turn it over to Mr. Pershing. Good morning, Gary Burcham, continuing the argument for Mr. Sandoval-Vanegas. I'd like to move on to the third argument in the briefs at this point. The government claims that even if it doesn't qualify categorically as a Taylor burglary, it qualifies under the otherwise clause set forth in Section 4B1.2. There are several reasons it does not qualify under that section either. First of all, the district court repeatedly at the sentencing hearing spoke about the inherent danger in break-ins, in break-in burglaries in homes. There's not a single judicially noticeable fact in this case establishing a break-in. Well, what about the Becker case? Your Honor, the Becker case, first of all, we think that the case of Parker covers the Becker case, but the Becker case at the very end says that it is addressing unprivileged entries. And so while the Becker case does not – Well, it's footnote that recognizes that California does not require that the entry itself be illegal and says that – and comes to this conclusion anyway. Exactly, Your Honor. But citing the conclusion of the Becker case, this Court said, the confluence of common sense and precedent leads to the conclusion that the unauthorized daytime entry of the dwelling of another with the intent to commit a larceny or any felony therein carries with it a substantial risk. Again, in this situation, under the California section 459 penal code conviction, there is absolutely no requirement that the entry be unauthorized or nonconsensual. So to that extent, Becker does not – I'm still having a problem with your argument because Becker specifically recognized that under California law, the entry did not have to be illegal. So – and then says anytime a burglar enters a dwelling with a felonious or larcenous intent, there is a risk that in the course of committing the crime, he will encounter one of the lawful occupants in his physical force. Footnote 5, California law does not require that the entry itself be illegal. So why isn't that the end of that argument? Well, Your Honor, because in Parker, the Court said as follows. In Becker, however, we concluded that although California's first-degree burglary statute does not require unlawful entry, the element had in effect been read into the statute through the history of prosecutions under the first-degree statute. So to that extent, Becker did address the nonconsensual entry situation and does not address what was addressed in Parker and what we have in the present case. May I reserve my final two minutes for rebuttal? You've got ten minutes total. You want to save two minutes? Yes, sir. Oh, yeah. For rebuttal? Sure. Thank you. It's not my rule. No, it's the Court's rule. Please record, Deborah Rhodes of the United States. The cases that control this case are the cases that analyze the guideline at issue here. Taylor's generic definition of burglary analyzes a completely different statute that has a different definition. Taylor was analyzing 924E. And why does that possibly matter? Pardon? How could that possibly matter? Well, it matters because the categorical analysis, the Taylor methodology, is to compare the statute of conviction, in this case first-degree burglary, and to compare it with the Federal Uniform Guideline definition. Is their suggestion of burglary in this statute different than burglary in that statute? The definition is definitely different. Here, in 4B1.2, it's burglary of a dwelling. Right. Okay. That only makes it more specific. But how does it help you? It makes it more specific. So it means that Taylor's definition doesn't necessarily have to be read into the meaning of burglary, because here, the problem in Taylor is that all Congress said was burglary. And who knows what burglary means? Fifty States defined it 50 different ways. Here we know precisely the conduct that the Federal statute intends to enhance. Yes, but the question still is what's burglary? Well, if the question is what's burglary, then I can cut to the chase and say there is no court that the defendant has cited under any statute or guideline that has ever held that first-degree residential burglary of a dwelling is not burglary of a dwelling or is not, does not present a serious risk of harm to others. And that is precisely the point. That's really the point, isn't it? That is the whole point. Whether you talk categorical or not, just categorically. That is the whole point. And I just do want to rebut, though, the idea that somehow the generic definition is incorporated into this guideline. This guideline was passed in November, was effective in November 89. Taylor was decided in 90. So when Congress in this guideline chose burglary of a dwelling, they weren't thinking of Taylor at all. So what were they thinking of? How are we supposed to know what burglary of a dwelling is if we don't go back to Taylor? Well, burglary of a dwelling is burglary of a dwelling. And Williams and Becker had no problem with that. Basically, Williams cut to the chase and said, you know what, even if you think it has this unlawful, it doesn't say this, but it circumvents the Taylor issue by saying, okay, so you say it has to be unlawful. Well, the information that you pled to specifically alleges unlawful entry. End of story. And it finds under both prongs, both the 4B1.2 prongs, that it is burglary of a dwelling, is burglary of a dwelling, and that the fact that you enter unlawfully an occupied structure, that it does present. But unlawfully means that you didn't have the right to come in or that you came in with a felonious intent, so that's unlawful. You know what? I don't think unlawfully has been defined. I haven't seen a case cited that's defined unlawfully. I would argue, and the courts recognize, even in Williams, this consensual entry issue has been raised. This consensual entry issue has been argued for over 10 years. Williams rejected it in the last paragraph. Appellant's argument that the California statute encompasses consensual entries of nonresidential structures is unavailable, because the charging instruments which he pleaded Millow contender to specified an unlawful entry of a residence. End of story. And Williams disposes of the consensual issue case, and it disposes of it under both prongs, because it's in the information. He pleaded Millow contender to it. Those facts are on all fours with ours. Therefore, what do you think unlawfully means? Do you think it means trespassery, or does it mean unprivileged, or what does it mean? I would argue that unlawful means that the person, the perpetrator, has an unlawful intent, that it does not mean trespassery, even as used in Taylor. Taylor says unlawful or unprivileged. There's no way, no reason to read those two words as meaning the same thing, or Taylor wouldn't have seen the need to say both. Further, Taylor says or remains in. Remaining in a structure would seem to indicate that they entered without trespass but then remained beyond the permissory time. So if I call my neighborhood plumber and say I'd like you to come and fix my pipes, and he comes in with a preconceived intent to actually rob me and say that's not a privileged or lawful entry, and Taylor doesn't say anything to the contrary. That's right. Taylor does not say anything to the contrary. And I would argue unlawful describes the mindset of the perpetrator, and it doesn't describe whether or not the consenting owner unwillingly, unwittingly lets in someone who intends to commit a crime or to commit a crime again. What if the plumber comes in and just, you know, is just there to do his, do her job, and after they're in, they see a nice wristwatch there and they look at it and decide they're going to steal it, huh? And they take it and put it in the pocket and gone. So the intent is developed before the entry? No, the intent is developed during the entry, after the entry. After the entry. You know, I don't have the answer to that, and the Court doesn't have to come up with the answer to that in this case here because that's not what we've got. What we've got is Williams and Becker. Well, in that case, it's not an unlawful entry, so that's simple. In that case, it's not an unlawful entry because he didn't enter with the intent. Entered lawfully. I would agree with that. I would agree with that. That the intent has to be beforehand for the person that's committing it. So you get three extra points for that answer. In MCE, this Court looked at residential burglary and noted that in that case, MCE's the defendant was unable to point to a single opinion in which a court has held that residential burglary is not a crime of violence. It's initials MCE on page 1256. Specifically, MCE was a juvenile and it was a juvenile statute that was being looked at. But the Court said, look, when we look at these various different statutes that have held that residential burglary is a crime of violence, all of the statutes agree because it's the very nature of the residential burglary itself, not the particularities of Federal sentencing statutes, which make it a crime of violence. The dangers inherent in the commission of residential burglary are what make it a crime of violence. And finally, we hold that residential burglary is, by its very nature, presents a substantial risk that physical force would be used. This doesn't seem to me to be useful. I mean, in the sense that the whole point of Taylor is that we can't take the state's definition. There has to be a Federal definition and we need to apply that Federal definition to a set of state statutes. So if you had a state statute that used the term burglary in some fashion, that did not work for Taylor. But it wouldn't work, and that's what we're trying to find out, to stand up here and say, well, there hasn't been one that doesn't prove there is. Now, this particular statute has certainly been through the mill a lot, and it may well be that we have preclusive law, and that's the end of the story. And it's helpful to stand up and say that there's never been a case of residential burglary is a crime of violence, because that is simply a sort of worthless thing. I lost the last part. It's just not helpful. We still have to deal with the Taylor categorical analysis problem. I mean, what is residential burglary and is this one? Well, I only have two minutes left, and I don't think the Court has to resolve that because I do think that Williams and Becker control because it's this guideline. And because if you look at Williams and Becker, they didn't deal with the generic definition of Taylor. If you look at this Court's recent opinion applying 2L1.1 in Bonilla-Montenegro and also in Shumate, the Court does not look at Taylor's generic definition because the Court already has a uniform Federal definition which will ensure Federal uniform sentencing apart from State law. And once you know that you have a uniform definition, you don't need to revert back to Taylor. Taylor was filling a void. Taylor was filling a void. The Supreme Court created a generic definition because all these other things. And if you look at this Court's recent opinion applying 2L1.1 in Bonilla-Montenegro and also in Shumate, the Court does not look at Taylor's generic definition. That's in this guideline. I mean, we still have the word. Maybe I'm entirely missing something, but we still have the term burglary of a dwelling, and so we still have to know what's a burglary. Where else are you getting the definition of burglary from? Well, they don't say. To the extent that they don't define whether it has to be what kind of burglary, lawful entry, unlawful entry, privileged, unprivileged, I think that you can infer that Congress intended to include both. I would like to finally say that. And before that, I can rely on an analogy by Becker where the same argument was made about whether it had to be daytime or nighttime burglary. And the Court looked at that definition, which at that time preceding the statute was U.S.C. 1816, and said that the Congress knew no definition at that time between daytime and nighttime, so we're not going to here. Bonilla-Montenegro says to the extent it includes is used in the commentary that it strongly suggests that anything mentioned after included is automatically a crime of violence. We have that here with burglary of a dwelling and presenting it a risk of harm. And finally, Morrison controls the aiding and abetting issue here. There is no reason to think that Morrison should be construed more narrowly when it relies on the exact same commentary we have here and when that commentary broadly includes anyone who had any participation in the crime, including aiders and abettors, conspirators, and those who aid those who attempt. Thank you. Thank you. Judge Berzon, you're absolutely right that you cannot have a burglary of a dwelling unless you have a burglary. And the government refuses to admit the fact that the Taylor definition of burglary is what governs. It's a uniform, generic definition of burglary, and that is what governs the analysis before us right now. Additionally, the derivation of burglary is set forth in Guideline Section 4B1.2 Application Note C, Amendment 268. I don't know what happened here that meets any definition of a burglary, doesn't it? Excuse me, Your Honor? What happened here meets, you know, any definition of a burglary. It does not meet the only definition which counts, and that is the definition of burglary as set forth in Taylor. 4B1.2 adopted the definition of burglary from 924, which is what Taylor addressed. And so the only analysis this Court can make under the categorical approach is whether the conviction of Mr. Sandoval under Section 459 met the essential elements of burglary as defined in Taylor, and as set forth in the briefs and as argued this morning, it simply does not. Well, I think what Judge Prager said, if that was Judge Prager's suggestion, is that here from, first of all, because the plea was too unlawfully answering, and, well, basically for that reason, why is, then we're back to the circular problem of why is that sufficient, and you say because in Burke, there was the same, how do we know there was the same phrase, by the way? Well, Your Honor, what's key is the definition of unlawful. What does unlawful mean? Just like we need to know what burglary means in burglary of a dwelling, we need to know what unlawful means in the context of a California charging document. And as Burke clearly says, and the government never mentioned the Burkes case once in its entire ten minutes, what the Burkes case clearly says is that it does not require a nonconsensual or unprivileged injury. And under Taylor, that is an absolute requirement for a burglary to qualify as a generic burglary under 4B1.2. But does Burke deal specifically with the language of unlawfully entering as was here? In other words, it may be that this is sort of like the Taylor problem of the statute doesn't require that that burglary be of a house, but if the plea is to burglary of a house, that would be sufficient. So even if you don't require an unlawful entry, why didn't he plead to an unlawful entry? Your Honor, the law is clear that in California, when you enter a plea of guilty, you're pleading only to the elements of the charged crime. And so whether unlawful might have meant something more in the Burkes case or the Pride case is not at issue. The convictions in those cases were entered pursuant to the information in those cases, and as a matter of law. In California law, the example that I gave of a plumber coming into a home, invited in to do some work, and sees a Rolex watch and decides that he'd like it, and takes it, puts it in his pocket, and finishes the work and goes, is that a burglary under California law? Guilty of burglary, correct. Sure, it's a burglary. Yes. Okay. And again, as compared to the Taylor definition, it's not even in the same ballpark. All right. Thanks. Thank you. All right. The matter will stand submitted.
judges: Pregerson, Fernandez, Berzon